IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01397-CNS-NRN

KYLE LEWIS,

    Plaintiff,

v.

MESA COUNTY VALLEY SCHOOL DISTRICT 51,
TAMMY ERET, in her individual capacity,
TIM LEON, in his individual capacity,
BRIAN DEGRANGE, in his individual capacity,

**DEFENDANT DEGRANGE'S ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND**

    Defendant, **Brian DeGrange** ("Defendant DeGrange" or "Mr. DeGrange"), by and through counsel **Paul Sukenik** of **Elkus & Sisson, P.C**., and pursuant to Fed.R.Civ.P. 8 and 12, hereby answers and responds to Plaintiff's First Amended Complaint and Jury Demand ("Amended Complaint") [DOC. 14] as follows:

**I.    ANSWER**

    1.    Defendant DeGrange admits to the allegations set forth in paragraphs 1, 12, 29, 30, and 31.

    2.    Defendant DeGrange denies the allegations set forth in paragraphs 2, 28, 32, 33, and 34.

    3.    Defendant DeGrange is without sufficient knowledge and information to form a belief as to the veracity of the allegations set forth in paragraph 3 of the Amended Complaint, but denies that he, Mr. DeGrange, "would prefer censorship to freedom of speech".

    4.    With respect to the allegations set forth in paragraphs 4, 5, 6, and 7, Defendant

1

DeGrange does not presently dispute jurisdiction or venue.

5. Defendant DeGrange is without sufficient knowledge and information to form a belief as to the veracity of the allegations set forth in paragraphs 8, 9,10, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 27, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44,46, 47, and 48 of the Amended Complaint.

6. Defendant DeGrange is without sufficient knowledge and information to form a belief as to the veracity of the allegations regarding Defendant Eret set forth in paragraph 24 of the Amended Complaint, but denies the portrayal of his professional relationship with Defendants Eret and Leon as "a close relationship".

7. As to the allegations set forth in paragraph 25, Defendant DeGrange admits to a meeting with Defendant Eret in her office and to receiving emails sent by Plaintiff to Defendant Eret. Mr. DeGrange denies the remaining allegations in this paragraph.

8. As to the allegations set forth in paragraph 26, Defendant DeGrange admits to having received a forwarded email from Defendant Eret but is without sufficient knowledge and information to form a belief as to the veracity of the allegations set forth in the remainder of the paragraph.

9. As to the allegations set forth in paragraph 45, Defendant DeGrange admits to having had a conversation with Plaintiff on October 5, 2022 and to providing Plaintiff an Exclusion Notice on that day, but is without sufficient knowledge and information to form a belief as to the veracity of the allegations set forth in the remainder of the paragraph.

10. As to the First Claim for Relief, Defendant DeGrange denies the allegations set forth in paragraphs 51, 52, 53, 54, 55, 56, 57, 60, and 61. Defendant DeGrange is without sufficient information and knowledge to form a belief as to the veracity of the allegations in paragraphs 50,

58, and 59.

11. As to the Second Claim for Relief, Defendant DeGrange denies the allegations set forth in paragraphs 64, 65, 66, 67, 68, 69, 70, 73, and 74. Defendant DeGrange is without sufficient information and knowledge to form a belief as to the veracity of the allegations in paragraphs 63, 71, and 72.

12. As to the Third Claim for Relief, Defendant DeGrange denies the allegations set forth in paragraphs 77, 78, 79, 80, 81, 82, 83, 86, and 87. Defendant DeGrange is without sufficient information to and knowledge to form a belief as to the veracity of the allegations in paragraphs 76, 84, and 85.

13. As to the Fourth Claim for Relief, Defendant DeGrange denies the allegations set forth in paragraphs 90, 91, 92, 93, 95, 96, 97, and 98. Defendant DeGrange is without sufficient knowledge to form a belief as to the veracity of paragraphs 89 and 94.

14. As to the Fifth Claim for Relief, Defendant DeGrange denies the allegations set forth in paragraphs 104, 105, 106, 107, 108, 110, 111, and 112. Defendant DeGrange is without sufficient knowledge to form a belief as to the veracity of paragraphs 103 and 109. Defendant DeGrange admits to the information contained in paragraphs 100, 101, and 102.

15. As to the Sixth Claim for Relief, Defendant Degrange denies the allegations set forth in paragraphs 117, 118, 119, 120, 121, 123, 124, and 125. Defendant DeGrange is without sufficient information to form a belief as to the veracity of paragraph 122. Defendant DeGrange admits to the information contained in paragraphs 114, 115, and 116.

16. As to the Seventh Claim for Relief, Defendant DeGrange denies the allegations set forth in paragraphs 130, 131, 132, 133, 135, 136, and 137. Defendant DeGrange admits to the information contained in paragraphs 127 and 128. Defendant DeGrange is without sufficient

knowledge to form a belief as to the veracity of paragraphs 129 and 134.

## II. DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted as to some or all of his claims against Defendant DeGrange.

2. Declaratory relief is not appropriate in this case because there are many disputed issues of fact that need to be litigated.

3. At all times relevant, Defendant DeGrange acted on reasonable grounds and in good faith.

4. Plaintiff failed to mitigate his alleged damages.

5. Plaintiff's alleged damages, if any, are not to the extent and nature as alleged in the Amended Complaint.

6. The First Amendment Violation Free Speech does not afford recovery for all of the damages sought.

7. The First Amendment Violation Right to Petition does not afford recovery for all of the damages sought.

8. The First Amendment Violation Retaliation does not afford recovery for all of the damages sought.

9. The Fourth Amendment Violation Malicious Prosecution does not afford recovery for all of the damages sought.

10. The Fifth Amendment Violation Freedom of Speech does not afford recovery for all of the damages sought.

11. The Colorado Constitution, Article II, Section 24 Right to Petition does not afford recovery for all of the damages sought.

12. The Colorado Constitution, Article II, Section 7 and 25 Malicious Prosecution does not afford recovery for all of the damages sought.

13. Defendant DeGrange reserves the right to add additional affirmative defenses which are revealed by way of disclosures and discovery.

### III.     REQUEST FOR RELIEF

**WHEREFORE**, having fully answered the Complaint, Defendant DeGrange requests that the Court grant relief as follows:

A. Dismissing Plaintiff's Amended Complaint with prejudice;

B. Entering a judgment in favor of Defendant DeGrange and against Plaintiff for attorney fees expended in defense of this action;

C. Entering judgment in favor of Defendant DeGrange and against Plaintiff for costs; and

D. Such other and further relief as the Court deems just and proper.


Dated this 20th day of September, 2023.

Respectfully submitted,

ELKUS AND SISSON, P.C.

*/s/ Paul Sukenik*
Paul Sukenik, #54110
Elkus and Sisson, P.C.
7100 E Belleview Ave, Suite 101
Greenwood Village, CO 80111
303-567-7981
psukenik@elkusandsisson.com
*Attorney for Defendant Brian DeGrange*

## CERTIFICATE OF SERVICE

I hereby certify on this 20th day of September, 2023, the foregoing was electronically filed using CM/ECF which will send notification of such filing to:

Andrew Joseph McNulty, Esq.
amcnulty@kln-law.com
David A. Lane, Esq.
dlane@kln-law.com
*Attorneys for Plaintiff*

M. Johnathan Koonce
jkoonce@semplelaw.com
Holly E. Ortiz
hortiz@semplelaw.com
Semple, Farrington, Everall & Case, P.C.
*Attorneys for Defendants Mesa County Valley School District 51, Tammy Eret, and Tim Leon*

*/s/ Amy H. Morris*
Amy H. Morris, Paralegal